IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

---

**TARA PATTON,**
**on behalf of herself and all other**              Case No: _____
**similarly situated employees,**

        **Plaintiff,**

v.

**CONVERGYS CORPORATION and**                      **JURY DEMAND**
**CONVERGYS CUSTOMER**
**MANAGEMENT GROUP, INC.**                         **FLSA COLLECTIVE ACTION**

        **Defendant.**

---

## COLLECTIVE ACTION COMPLAINT

---

PLAINTIFF, TARA PATTON, individually on behalf of herself and all others similarly situated, bring this action against the Defendants and allege as follows.

### I. JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the Plaintiff, a resident of Tennessee and the Defendant, who does business in Hamilton County, Tennessee.

3. Venue also lies in the Eastern District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## II. PARTIES

4. Plaintiff Tara Patton is an adult resident of the State of Tennessee. Plaintiff was employed by Defendant from approximately September 28, 2009, until approximately February 11, 2017.

5. Accordingly, Plaintiff was employed by Defendant within both the two and three year statute of limitations under the Fair Labor Standards Act ("FLSA").

6. During her employment with Defendants, Plaintiff was a covered employee under the FLSA.

7. Defendants are covered "employers" under the FLSA, 29 U.S.C. § 203(d).

8. Defendant Convergys Corporation is a foreign corporation doing business in Hamilton County, Tennessee. Defendant may be served with process through its registered agent, CT Corporation System, 800 Gay Street, Suite 2021, Knoxville, TN 37929.

9. Defendant Convergys Customer Management Group, Inc., is a foreign corporation doing business in Hamilton County, Tennessee. Defendant may be served with process through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

10. In addition to the named Plaintiff, Defendants employ and have employed other similarly situated employees.

11. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendants are and were centrally and collectively dictated, controlled, and ratified.

## III. FACTUAL BASIS FOR SUIT

12. This is a collective action under the FLSA, 29 U.S.C. § 201 et seq. brought on behalf

of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by Defendants and who worked overtime without compensation.

13. The collective action claims are for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

14. Plaintiff brings this action on behalf of herself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's consent to be a party to this collective action pursuant to 29 U.S.C. §216(b) is attached to the Complaint.

15. Plaintiff is a former employee of Defendants. Plaintiff worked as a customer service representative in Defendant's call center.

16. Defendants' customer service representative jobs are non-exempt positions.

17. Defendants' customer service representatives use multiple computer programs, software programs, servers and applications, in the course of performing their responsibilities. These programs, servers and applications, which include Rio, OMS, Agent Answer Center, and Defendants' Time Keeping System are an integral and important part of their work as they cannot perform their job without them.

18. To perform their jobs, Plaintiff and similarly situated employees are required to start-up and log-in to these various computer programs, software programs, servers and applications. The start-up and log-in process took approximately seven (7) to ten (10) minutes per day.

19. Plaintiff and similarly situated employees were not permitted to "clock in" for their shifts until *after* the computer start-up and log-in process was complete. In other words,

Plaintiff and similarly situated employees worked at least seven (7) to ten (10) minutes at the beginning of each shift for which they were not compensated.

20. This off-the-clock time Plaintiff and similarly situated employees spent starting up and logging in to each session directly benefitted Defendants and this process was an essential part of Plaintiff's job responsibilities as customer service representatives.

21. Additionally, when Plaintiff and similarly situated employees take their daily meal break, they are logged out of Defendants' Time Keeping System so that their work station may be taken by an employee who is not on a meal break.

22. Again, at the conclusion of their meal break, Plaintiff and similarly situated employees must search for an available work station and start-up and log-in to Defendants' multiple computer programs, software programs, servers and applications. Similar to the process each morning, this process would take approximately seven (7) to ten (10) minutes.

23. Plaintiff and similarly situated employees were not permitted to clock back in after their meal break until *after* the computer start-up and log-in process was complete. In other words, Plaintiff and similarly situated employees worked at least seven (7) to ten (10) minutes after the conclusion of each meal break for which they were not compensated.

24. Plaintiff's regularly scheduled shifts were Monday through Friday, 10:15 a.m. through 7:00 p.m.

25. This off-the-clock work each day caused Plaintiff and similarly situated employees to regularly and repeatedly work over forty (40) hours per week.

26. Under the FLSA, "overtime must be compensated at a rate not less than one and one-

half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

27. When Plaintiff and similarly situated employees worked more than forty (40) hours during a week, Defendants did not compensate them at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

28. Conversely, Defendants' pay policies and procedures specifically prevented Plaintiff from being compensated for all hours worked.

29. Likewise, other similarly situated employees regularly and repeated worked more than forty (40) hours per week without proper overtime compensation.

30. Plaintiff's actual job duties were not those of "exempt" employees.

31. Moreover, Plaintiff was not paid on a "salary basis," as that term is defined by the FLSA.

32. Defendants are unable to bear its burden of showing that Plaintiff or those similarly situated fell within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

33. Defendants' failure to pay Plaintiff and those similarly situated overtime wages is a willful violation of the FLSA.

34. Defendants are unable to bear their "substantial burden" of showing its failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

35. Some evidence generally reflecting the number of uncompensated hours worked by

each class member and the compensation rates for the relevant work periods is in the possession of Defendants. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.

36. Defendants' intentional failure to pay Plaintiff and other similarly situated employees all of their wages are willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for straight time, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendants are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper overtime compensation. Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## IV. CAUSES OF ACTION

38. The forgoing facts are incorporated by reference as if fully stated herein.

39. Plaintiff brings the following claim against Defendants:

    a. Failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and

    b. Failure to pay minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

A. An Order designating this action as an opt in collective action for claims under the FLSA and directing the issuance of notice pursuant to 29 U.S.C. §216(b) for the claims of the class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting into the collective action;

C. A declaratory judgment that Defendants have willfully violated the FLSA;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable statutory and common law damages;

E. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

**GILBERT RUSSELL MCWHERTER  
SCOTT BOBBITT PLC**

*s/ Michael L. Russell*
MICHAEL L. RUSSELL (#20268)
EMILY S. EMMONS (#33281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee   37067
Telephone:   615-354-1144
Email: mrussell@gilbertfirm.com
           eemmons@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF AND OTHERS SIMILARLY SITUATED*